# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Technology Consulting Associates, LLC**

**Case No. 6:05-mc-0038-DAB**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO QUASH SUBPOENA (Doc. No. 1)**
>
> **FILED:** March 22, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION TO QUASH SUBPOENA (WENDY ROSE) (Doc. No. 2)**
>
> **FILED:** March 22, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION TO SEAL DOCUMENT (Doc. No. 8)**
>
> **FILED:** April 18, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**, as unnecessary. Moreover, there is no showing of confidentiality and the motion does not comply with Local Rule 3.01(g).

Movants, non-parties in the underlying litigation, seek to quash subpoenas seeking their bank records from non-party Sun Bank, claiming privacy and relevancy concerns. Defendant, who caused the subpoenas to issue, has filed responses (Doc. No. 5 and 6) which accuse the Movants of attempting to "hoodwink" this Court by filing "frivolous" motions in an attempt to "blatantly" forum shop.[1] Defendant also objects to the motions, on the merits. The Court disagrees with the majority of Defendant's unnecessary comments and unsupported conclusions. Nonetheless, the motions to quash are **denied.**

Defendant asserts that Movants' choice of this forum to seek to quash the subpoena was somehow devious. This is nonsense. As the subpoenas in question were issued pursuant to this Court's authority, it is perfectly appropriate to seek the assistance of this Court to rescind them. *See* Rule 45 (c)(3)(A), Fed. R. Civ. P., noting that "On timely motion, the court *by which a subpoena was issued* shall quash or modify the subpoena . . ." (Emphasis added).[2] The Court is also unpersuaded by the Defendant's contention that were this Court to grant the motions, it would be "contrary to the rulings of the [presiding] District Court." According to the papers filed by the parties, the Movants here are not parties to the underlying litigation, not parties to the Agreed Protective Order, and were not mentioned in the Hearing Transcript excerpt relied upon by Defendant. The Court sees nothing

---

[1] Defense counsel is admonished for his intemperate and inapt argument by adjective.

[2] Defendant's contention that the Georgia district court is better suited to resolve any discovery disputes is not without support in appropriate cases. "Courts with jurisdiction over ancillary or discovery matters should be cautious in determining what is relevant evidence to the main action, this is because of their unfamiliarity with the main action." *Heat and Control, Inc. v. Hester Industries, Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986). *See also* FED. R. CIV. P. 26(c), Advisory Committee Notes, 1970 Amendment, Subdivision (c):"The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." The difference here, however, is that the discovery sought relates to non-parties to the underlying action.

inappropriate or untoward in the actions of these two non-parties in seeking relief from the subpoenas issued.

The subpoenas were served on March 9, 2005, and seek production on or before March 21, 2005. The motions to quash were filed March 22, 2005, *after* the time of production. As such, the motions to quash are untimely. Moreover, it appears from the papers that Movants' counsel conducted a less than adequate Local Rule 3.01(g) good faith conference prior to filing the tardy motions. Movant's counsel is admonished for the untimeliness of the motions and the apparent failure to comply with the letter and spirit of the local rules.

As for the issues of confidentiality and relevancy, Movants have not met their burden (acknowledged by both sides) of showing that the records sought are protected and disclosure would be harmful. It does not appear that Defendant is a competitor, and, in view of Defendant's showing of relevancy (and offer to enter into a confidentiality agreement), the Court sees no grounds to quash the subpoenas. That said, the Court holds Defendant to its offer to treat the records as confidential and to use them solely for purposes of this litigation. The Court denies the motions to quash, without prejudice to Movants seeking relief, if necessary, in the District Court where the litigation is pending, should Defendant abuse the confidential nature of the records produced.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record